ANDREW PARKER v. THE STATE.

Where there is no evidence of justification of a homicide, it is not error to tell the jury that the law of justification is not applicable. (Paschal's Dig., Arts. 2225–2230.)

Where there is sufficient evidence to convict, the verdict will not be disturbed.

APPEAL from Galveston. The case was tried before Hon. JAMES LOVE, judge of the criminal court of Galveston county.

The material question in the case was as to the sufficiency of the evidence to establish the guilt of the appellant. The appellant seemed to have been living in some relation with Mollie Harris, colored; had been her co-slave on the same place when they were slaves, and while in this relation they had had two children. The deceased had also been

a slave.   Parker and Mollie had occupied the same bed in a room with other freed people.   After Parker had gotten up and partly dressed in the morning, Green, the deceased, came in and said to Mollie that he had come for that fuss, and he struck and kicked her.   Parker stood upon the stairs, but said nothing.   Green left, saying he would go and feed his mules and return and have the fuss over.   But, Mollie continuing to talk, he returned immediately and commenced to beat her.   Parker fired a pistol from the stairs.   Green bled profusely from the mouth. Parker took him by the arm and carried him out, telling Mollie to clean off the blood.   As no wound or trace of the bullet was found upon the deceased, which seemed rather inexplicable to the doctors, it was in the line of defense to urge that the accused could not have shot Green. But the evidence of the witnesses present was too strong for this hypothesis. ·

One witness said that Green exclaimed, when firing, "d—n you, take that!" This was not heard by the others; but all agreed to the immediate hemorrhage from the mouth. Green died in the alley very soon afterwards.   There was also an effort to discredit one of the witnesses, and there was a bill of exceptions, but not noticed by the court, which showed that after the relation of concubinage, or whatever it was, was established, the accused had the right to take life in defense of Mollie Harris; but the court verbally told the jury that the principle of relationship had no application. So when the counsel read, "in defense of person or property," articles 567 to 571 of the Penal Code, (Paschal's Dig., Arts. 2225 to 2230,) the court told the jury that the law had no application to the case, to which rulings the defendant excepted.   The jury found the defendant guilty, and assessed his punishment at seven years' imprisonment in the penitentiary, from which judgment he appealed.

No brief for the defendant has been furnished to the *Reporter*.   In a long motion for a rehearing, however, he

relied upon errors of the judge in saying that the law had no application in the charge to the jury and the refusal to grant a new trial.

*E. B. Turner, Attorney General,* for the state.

LINDSAY, J.—We have carefully examined the record in this case, and can discover no error committed by either the judge or jury, to the prejudice of the appellant, which renders it necessary to change the judgment and sentence of the court.    There was sufficient proof in the cause, legally introduced, to establish the guilt of the prisoner, as found by the jury, and we do not feel authorized to disturb the verdict of the jury and sentence of the court.    The judgment is therefore

AFFIRMED.